UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>EDWARD C TIDWELL,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, et al.,<br><br>Defendants.</td><td>Case No. 24-cv-09067-RFL<br><br>**ORDER GRANTING CMS'S MOTION FOR SUMMARY JUDGMENT AND DENYING TIDWELL'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 80, 89, 90, 92</td></tr>
</table>

As described in greater detail in prior orders, Plaintiff Edward Tidwell's daughter passed away in 2022, allegedly after being treated at a Kaiser Permanente hospital. On October 30, 2024, Tidwell submitted a Freedom of Information Act ("FOIA") request to Defendants Centers for Medicare and Medicaid Services and U.S. Department of Health and Human Services (together, "CMS"), seeking records of an alleged quality-of-care investigation by Livanta, a contracted Quality Improvement Organization ("QIO"). On December 16, 2024, Tidwell, proceeding without assistance of counsel, filed an action asserting claims against five Defendants. (Dkt. No. 1.) Tidwell's initial complaint and a subsequent amended complaint were screened, and Tidwell was permitted to proceed on a claim under FOIA against CMS. (Dkt. No. 43.) CMS and Tidwell have filed cross-motions for summary judgment. (Dkt. Nos. 80, 89.) For the reasons discussed below, CMS's Motion for Summary Judgment is **GRANTED**, and Tidwell's Motion for Summary Judgment is **DENIED**.

***Legal Standard***.  Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment [to a moving party] if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.

*CMS Adequately Searched Its Records*. "FOIA requires an agency responding to a request to 'demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015) (quoting request *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 986 (9th Cir. 2009)). The "heavy burden" of demonstrating adequacy and reasonableness sits with the government, which it "may meet . . . by providing 'reasonably detailed, nonconclusory affidavits submitted in good faith.'" *Inter-Coop. Exch. v. U.S. Dep't of Com.*, 36 F.4th 905, 910 (9th Cir. 2022) (quoting *Hamdan*, 797 F.3d at 770).

CMS submits a sworn affidavit from its "Director for the Division of FOIA Analysis" describing its search. (Dkt. No. 81.) The affidavit indicates that Tidwell's request was initially forwarded to the Office of Program Operations and Local Engagement ("OPOLE") and CMS's regional office covering California ("Region 9"). (*Id.* ¶¶ 11, 13–14.) Subject matter experts at OPOLE and Region 9 determined that "the scope of the records sought [] fell outside the purview of these components." (*Id.* ¶ 15.) After Tidwell filed this action, CMS returned a "no records" response, which Tidwell appealed to CMS. (Dkt. Nos. 81-3, 81-4.) CMS reviewed the appeal, and then sent Tidwell's request to two more components: the Center for Program Integrity ("CPI") and the Center for Clinical Standards and Quality ("CCSQ"). (Dkt. No. 81 ¶ 19.) CPI "oversees medical reviews and audits to safeguard the Medicare and Medicaid programs from fraud, waste and abuse," while CCSQ oversees the QIO program, including Livanta. (*Id.* ¶¶ 20, 23.)

CPI searched two case management systems containing "records related to investigations into health care providers" using the terms "Kaiser Permanente," "Antioch" and three National Provider Identifiers assigned to Kaiser Permanente.  (*Id.* ¶ 21.)[1]  No responsive records were identified.  (*Id.* ¶ 22.)  For CCSQ, the individual who conducted the search was the Contracting Officer's Representative ("COR") assigned to Livanta.  (*Id.* ¶ 33.)  The COR "conducted a search of the electronic filing system associated with Livanta," and of their own email, using the term "Tidwell."  (*Id.* ¶ 35.)  No records were found.  (*Id.*)  CCSQ subject matter experts also confirmed that "CMS had not requested that Livanta transmit information related to the investigation or determination referenced in [Tidwell's] FOIA request."  (*Id.* ¶ 36.)

While CMS has not shown that its *first* search was adequate, it has shown that it ultimately conducted a reasonable and adequate search.  Tidwell's request expressly seeks records related to a quality-of-care investigation by a QIO, but CMS initially failed to forward the request to its component responsible for supervising such investigations.  Therefore, its initial search does not appear to have been adequate.  However, CMS addressed this deficiency when, after receiving Tidwell's appeal, it sent the request to additional components including CCSQ and CPI.  Furthermore, there is no reason to believe that a search for the term "Tidwell"— without any additional limitations—in the email and filing system for Livanta-related documents, did not constitute an adequate search.  With respect to CPI's search, the scope and terms likewise appear reasonable given the databases' apparent focus on "health care providers" rather than individuals.  In fact, Tidwell does not argue that CMS's search of its own records was inadequate.  (Dkt. No. 89 ¶ 5 ("the only issue before the Court is whether Defendant CMS is correct in refusing to search for documents that, it contends, are beyond its purview").)  Therefore, viewed wholistically, CMS has carried its burden of showing that it has conducted an adequate search of the records in its control.

***CMS Was Not Required to Search Livanta's Records.***  A district court does not have

---

[1] Tidwell's FOIA Request asserts that his daughter, Tanesha Tidwell, received care at the Kaiser Foundation Hospital-Antioch.  (Dkt. No. 81-1.)

jurisdiction under FOIA to compel production of documents that are not agency records.  The Supreme Court has provided a two-prong test for when a document is an agency record: "(1) the agency 'either created or obtained the requested materials,' and (2) the agency is 'in control of the requested materials at the time the FOIA request is made.'"  *Rojas v. Fed. Aviation Admin.*, 941 F.3d 392, 407 (9th Cir. 2019) (cleaned up, quoting *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144–45 (1989)).

CMS has shown that the test is not met.  First, as the Court has already found, Livanta is not an agency for FOIA purposes.  *Tidwell v. Centers for Medicare & Medicaid Servs.*, No. 24-cv-09067-RFL, 2025 WL 829600, at *2 (N.D. Cal. Feb. 20, 2025) (citing 45 C.F.R. § 5.3); *see also* 42 U.S.C. § 1320c-9(a).  Second, CMS, via affidavit, states that it did not create or obtain the records Tidwell seeks and that they are not, and never were, in CMS's possession.  (Dkt. No. 81 ¶¶ 27, 35–36.)  Third, there is no basis to conclude that CMS is in control of the pertinent documents at Livanta.  "To the extent that an agency can constructively possess documents in the hands of third parties . . . there is no evidence in the record showing that [CMS] extensively supervised or was otherwise significantly entangled with [Livanta]'s production and management of the records" at issue.  *See Am. Small Bus. League v. U.S. Small Bus. Admin.*, 623 F.3d 1052, 1053 (9th Cir. 2010) (internal citation omitted).  To the contrary, CMS asserts that it does not "review or adjudicate individual complaints" that QIOs like Livanta handle, that "QIOs retain control over their records," and that CMS only requests individual records on a case-by-case basis.  (Dkt. No. 81 ¶¶ 24–26.)  The documents are also not "maintained for an agency by an entity under Government contract, *for the purposes of records management*," and therefore do not meet the statutory definition of "records" under FOIA.  *See Am. Small Bus. League*, 623 F.3d. at 1053 (quoting 5 U.S.C. § 552(f)(2)(B), emphasis added by *Am. Small Bus. League*).  Finally, Congress has expressly excluded "[a]ny data or information acquired by" QIOs like Livanta from disclosure pursuant to FOIA, except for reasons not applicable here.  42 U.S.C. § 1320c-9(a).

*Service of Process*.  In his briefs, Plaintiff makes several references to possible service

defects.  The public record indicates that CMS has been properly served by the U.S. Marshals.  Even assuming this were not the case, the requirement of service protects the rights of defendants, not plaintiffs.  Lawsuits must be served in order to give defendants notice and allow them to respond.  Defendants may choose to waive service or to file motions even without being served.  Thus, even if there were service defects, that would not provide a basis for granting Tidwell's Motion for Summary Judgment or for awarding him any other relief.  It also would not have any material effect on the pending motions because CMS has appeared in the case, has access to all filings in the action, and does not dispute that it has been properly served.

*Conclusion*.  In sum, because there is no genuine dispute that CMS conducted an adequate search of its records, and that any records held by Livanta are not agency records and the Court may not order them disclosed under FOIA, CMS's Motion for Summary Judgment (Dkt. No. 80) is **GRANTED** and Tidwell's Motion for Summary Judgment (Dkt. No. 89) is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: January 30, 2026

RITA F. LIN
United States District Judge

---

[2] Tidwell's requests for judicial notice (Dkt. Nos. 90, 92) are **DENIED AS MOOT** because, on a motion for summary judgment, the Court does not need to take judicial notice of documents properly submitted via signed declaration.  *See Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982); Fed. R. Civ. P. 56(c).  The Court has considered all of the evidence submitted by the parties in ruling on the Motions for Summary Judgment.